WO                          NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ed E Alonzo,<br><br>          Plaintiff,<br><br>v.<br><br>Akal Security Incorporated,<br><br>          Defendant. | No. CV-17-00836-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff's Amended Complaint (Doc. 26) and failure to respond to Defendant's Partial Motion to Dismiss Counts I and III of Plaintiff's Complaint or, in the Alternative, Partial Motion for Summary Judgment (Doc. 19). The Court twice granted Plaintiff's Motions for Extension of Time (Docs. 23, 25), giving Plaintiff leave to file the Response to Defendant's Motion by June 19, 2017. The twice-extended date has now passed, and no Response has been filed.

First, as for Plaintiff's proposed Amended Complaint (Doc. 26), a party may amend a complaint once as a matter of course within 21 days after serving it, or within 21 days of service of, among others, a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). Although the decision whether to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis,* 371 U.S. 178, 182 (1962) (citation and internal quotations omitted). "In exercising its discretion

with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15–to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotations omitted).

However, the policy in favor of allowing amendments is subject to limitations. After a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers,* 310 F.3d 628, 636 (9th Cir. 2002) (citation and internal quotations omitted). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

Here, Defendant has already answered Plaintiff's prior Complaint (Doc. 20), and the period in which Plaintiff could have amended the Complaint as a matter of course has passed. Plaintiff never sought an extension to the deadline for amending the Complaint as a matter of course provided by Rule 15(a). As a result, absent Defendant's written consent, Plaintiff was obligated to file a motion to amend demonstrating that the proposed amendments are not futile and do not cause undue delay or otherwise prejudice Defendant.

In addition, Local Rule 15.1(a) requires a party moving for leave to amend a complaint to attach a copy of the proposed amended complaint as an exhibit to the motion, "which must indicate in what respect it differs from the pleading it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." Plaintiff's proposed amended Complaint (Doc. 26) does not comply with these provisions. The Court must therefore strike the proposed Amended Complaint (Doc. 26) from the docket.

Second, as for Plaintiff's failure to respond to Defendant's pending, dispositive motion, the filing of a proposed Amended Complaint does not obviate the requirement to respond to a pending Motion, particularly where, as here, Plaintiff makes no effort to explain how the proposed Amended Complaint addresses the defects identified in

Defendant's Motion, and Defendant's Motion is also one for summary judgment—which is not solely dependent on the allegations in the Complaint in any case. The Court therefore cannot begin to construe the proposed Amended Complaint as a Response to Defendant's Motion to Dismiss and for Partial Summary Judgment. Accordingly, Defendant is entitled to summary disposition of its Motion (Doc. 19) under Local Rule 7.2(i), and the Court will dismiss Counts I and III of the Complaint, as Defendant's Motion requests. Count II of the Complaint (Doc. 1), in which Plaintiff seeks unpaid overtime wages under the Fair Labor Standards Act and to which Defendant has already filed an Answer (Doc. 20), remains pending.

IT IS THEREFORE ORDERED striking Plaintiff's Amended Complaint (Doc. 26).

IT IS FURTHER ORDERED granting Defendant's Partial Motion to Dismiss Counts I and III of Plaintiff's Complaint or, in the Alternative, Partial Motion for Summary Judgment (Doc. 19). Counts I and III of Plaintiff's Complaint are dismissed, and Count II remains pending.

Dated this 20th day of June, 2017.

_____
Honorable John J. Tuchi
United States District Judge