**WO**                                    NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ed E. Alonzo, | No. CV-17-00836-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Akal Security, Incorporated, | |
| Defendant. | |

At issue is Plaintiff Ed E. Alonzo's Motion to Amend (Doc. 36, MTA), to which Defendant Akal Security, Inc. filed a Response (Doc. 39, Resp.). For the reasons set forth below, the Court will deny Plaintiff's Motion to Amend.

**I.       BACKGROUND**

Defendant employs Plaintiff as an Air Security Officer ("ASO"), a position responsible for the supervision of deportees during flights back to their home countries. On March 20, 2017, Plaintiff filed a Complaint alleging violations of several provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and one provision of the Arizona Minimum Wage Act ("AMWA"), A.R.S. § 23-363 *et seq*. (Doc.1, Compl.) Specifically, Plaintiff alleged that Defendant automatically deducts a one-hour lunch break from pay for each workday, regardless of whether Plaintiff does in fact take a lunch break. In doing so, Defendant allegedly violates the FLSA minimum wage (Count I) and overtime (Count II) provisions and the AMWA minimum wage provision (Count III).

1

On May 12, 2017, Defendant filed a Partial Motion to Dismiss Counts I and III, or in the Alternative, Partial Motion for Summary Judgment on those counts. (Doc. 19.) On the same day, Defendant filed a Partial Answer and Affirmative Defenses with respect to Count II. (Doc. 20.) Plaintiff twice moved for an extension to file a Response to Defendant's Motion and the Court granted both extensions. Plaintiff's final Response was due June 19, 2017. Instead of filing a Response to Defendant's Motion, Plaintiff filed an Amended Complaint on the due date. (Doc. 26.)

The Court subsequently granted Defendant's Motion on June 21, 2017, for two reasons. (Doc. 27.) First, Plaintiff failed to comply with Federal Rule of Civil Procedure 15(a)(2), which requires that a party move to amend—as opposed to simply filing an amended complaint—if twenty-one days have elapsed since serving the original complaint. Second, Plaintiff never filed a Response to Defendant's Motion. In its Order, the Court held that "filing a proposed Amended Complaint does not obviate the requirement to respond to a pending Motion." (Doc. 27 at 2.) Because the Plaintiff filed no substantive Response to Defendant's Motion, the Court granted summary disposition in accordance with Local Rule 7.2(i).

On August 4, 2017, Plaintiff filed a Motion to Amend in accordance with the Court's Amended Rule 16 Scheduling Order. (Doc. 33.) Defendant then filed a Response on September 1, 2017. (Doc. 39.) In the Response, Defendant argues that any amendment to the Complaint would be futile. Plaintiff did not file a Reply.

## II.   LEGAL STANDARD

A party may amend a pleading once as a matter of course within 21 days after serving it, or within 21 days of service of, *inter alia*, a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2)**.** Although the decision to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted). "In

exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotation marks omitted).

However, the policy in favor of allowing amendments is subject to limitations. After a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers,* 310 F.3d 628, 636 (9th Cir. 2002) (citation and internal quotation marks omitted). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

"A proposed amended complaint is futile if it would be immediately subject to dismissal. Thus, the proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (quotations and citations omitted), *aff'd on reh'g en banc on other grounds,* 681 F.3d 1041 (9th Cir. 2012). To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III.   ANALYSIS

In the Proposed Amended Complaint (Doc. 36-1), Plaintiff added allegations with regard to Counts I and III, the minimum wage claims. In the Motion to Amend, Plaintiff contends that he stated minimum wage claims even without the new allegations but added them "to avoid future motion practice." (MTA ¶ 1.)

In the Response, Defendant incorporates the same substantive arguments from its Partial Motion to Dismiss Counts I and III, or in the Alternative, Partial Motion for

1 | Summary Judgment on those counts. Namely, if Plaintiff averaged out his hourly wage
2 | over the course of the workweek, including the zero dollars received for the hour-lunch
3 | break, Plaintiff would still be making well above minimum wage on average. (Resp. at 2–
4 | 6.) Defendant argues therefore that not only has Plaintiff failed to state a claim, but no
5 | amendment could cure this defect because any calculation of Plaintiff's average hourly
6 | wage over the course of a workweek would yield a dollar amount more than the
7 | minimum wage. (Resp. at 2–6.) For his part, Plaintiff states that minimum wage laws
8 | require compensation for each *particular hour* worked, as opposed to an average hourly
9 | rate over the course of the workweek. (MTA ¶ 8 & n.1.)

10 |     The entirety of Plaintiff's substantive argument in favor of granting the Motion to
11 | Amend is as follows: "The text of the FLSA clearly supports Plaintiff's claim as
12 | recognized by every court that has conducted a detailed analysis of the issue." (MTA
13 | ¶ 6.) In support of this, Plaintiff referred the Court to two then-pending Ninth Circuit
14 | Court of Appeals cases. Plaintiff provided no factual information about either case or any
15 | argument as to how either case is similar to or distinguishable from the case at bar. As
16 | such, the Court had to conduct its own review of the relevant facts and arguments in each
17 | case.

18 |     The Court agrees with Defendant that *Sheehan* is factually and legally
19 | distinguishable from this case. *Sheehan v. Romulus, Inc.*, No. 14-cv-00464-SMM (D.
20 | Ariz. Mar. 31, 2015), *vacated sub nom. Marsh v. Alexander's LLC*, 869 F.3d 1108 (9th
21 | Cir. 2017). In *Marsh*, the Ninth Circuit rejected plaintiffs' request to adopt a particular
22 | Department of Labor interpretation of what constitutes "dual jobs" for tip credit purposes
23 | within the FLSA. *Marsh*, 869 F.3d at 1126. *Marsh* does not clarify whether FLSA
24 | minimum wage requirements are based on a workweek average or on a per-hour basis.
25 | Even if it did so within the context of dual jobs, Plaintiff does not allege—or even
26 | suggest—that he performs dual jobs in his ASO position, and does not allege that he is
27 | tipped for any part of his duties.

28 |

4

Although the issue pending in front of the Ninth Circuit in *Douglas v. Xerox* may be akin to that in the case at bar, Plaintiff's Motion to Amend is futile under current Ninth Circuit precedent. *Adair v. City of Kirkland*, 185 F.3d 1055, 1063 (9th Cir. 1999) ("[T]he district court properly rejected any minimum wage claim the officers might have brought by finding that their salary, when averaged across their total time worked, still paid them above minimum wage."). This District's interpretation of the FLSA minimum wage provision is consistent with *Adair. See, e.g.*, *Kirchgessner v. CHLN, Inc.*, 174 F. Supp. 3d 1121, 1125 (D. Ariz. 2016) ("[A]n employer's failure to compensate an employee for particular hours worked does not necessarily violate the minimum wage provision. That is because the workweek as a whole, not each individual hour within the workweek, determines whether an employer has complied with [FLSA minimum wage provisions].") . Because Plaintiff's hourly wages averaged over the workweek are well above the minimum wage, Count I fails to state a claim for which relief can be granted.

For the same reasons, Count III fails to state a claim. Arizona state regulations specifically state that, for minimum wage purposes, an employee's hourly wage is determined by the workweek. Ariz. Admin. Code § R20-5-1206(C) (2017).

The Court also notes that, as recounted above, the Court dismissed Counts I and III of the Complaint in part because Plaintiff did not respond to Defendant's Partial Motion to Dismiss. Pursuant to Local Rule 7.1(i), the Court may construe a failure to respond to a motion as consent to grant that motion summarily. *See Wystrach v. Ciachurski*, 267 F. App'x 606, 607–08 (2008) (upholding this District Court's granting of defendant's motion to dismiss on the basis that plaintiffs failed to timely respond). Here, Defendant's Response to the Motion to Amend functioned as a Rule 12(b)(6) motion, and Plaintiff again failed to meet Defendant's arguments by filing a Reply. The Court admonishes Plaintiff that, as the case moves forward, a party must meet all of the opposing party's arguments or risk having summary disposition entered for the opposing party.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.    CONCLUSION

Counts I and III of Plaintiff's Proposed Amended Complaint fail to state a claim for which relief can be granted under the minimum wage provisions of the FLSA or AMWA. Any further amendment would be futile at this time.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion to Amend the Complaint (Doc. 36).

Dated this 6th day of November, 2017.

Honorable John J. Tuchi
United States District Judge

6