**WO**                                  NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Ed E. Alonzo,                                   No. CV-17-00836-PHX-JJT

                    Plaintiff,                  **ORDER**

v.

Akal Security, Inc.,

                    Defendant.

At issue is Plaintiff Ed E. Alonzo's Motion for Conditional Class Certification (Doc. 44, Mot. to Certify), to which Defendant Akal Security, Inc. ("Akal") filed a Response (Doc. 47) and Plaintiff filed a Reply (Doc. 48). The Court elects to resolve the Motion without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court will deny Plaintiff's Motion to Certify.

Defendant employs Plaintiff as an Air Security Officer ("ASO"), a position responsible for the supervision of deportees during flights back to their home countries.[1] Plaintiff brought a Hybrid Collective and Class Action Complaint against Defendant on March 20, 2017. (Doc. 1, Compl.) The Complaint alleges that Defendant deducts a one-hour lunch break from pay for each workday, regardless of whether Plaintiff does in fact take a lunch break. In a prior Order, the Court dismissed two counts of the Complaint for

---

[1] The Complaint states that Plaintiff is an ASO. The Motion to Certify refers to Plaintiff as an Aviation Detention Officer ("ADO"). (Mot. to Certify at 3.) For purposes of this Order, the Court will use the title of ASO from the Complaint.

failure to state a claim. (Doc. 27.) The remaining count alleges that the automatic one-hour deduction, regardless of whether Plaintiff takes a lunch break or works through the hour, violates the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiff now moves to conditionally certify a proposed class of ASOs working for Defendant in Arizona on the grounds that they are "similarly situated" to Plaintiff within the meaning of the FLSA. *See* 29 U.S.C. § 216(b).

## I.    LEGAL STANDARD

Congress enacted the FLSA "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). Among the FLSA's central provisions is its requirement that employers pay non-exempted workers at one and a half times the regular rate for any time worked in excess of forty hours in a single week. 29 U.S.C. § 207; *see Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1042 (2016).

The FLSA provides a mechanism—the "collective action"—through which workers can sue jointly for violations of its overtime compensation and other provisions. *See* 29 U.S.C. § 216(b). The collective action thus allows a representative plaintiff to bring suit on behalf of a group of workers who are "similarly situated," *see id.*, and thereby serves to (1) reduce the burden on plaintiffs through the pooling of resources, and (2) make efficient use of judicial resources by resolving common issues of law and fact together. *See Hoffman-La Rouche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

The decision as to whether a collective action is appropriate lies within the court's discretion. *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004). Before certifying an FLSA collective action, courts must evaluate whether the plaintiff has demonstrated that he or she and the proposed members of the collective action are "similarly situated." *Id.* To do so, district courts within the Ninth Circuit generally follow a two-tiered approach. *Colson v. Avnet, Inc.*, 687 F. Supp. 2d. 914, 925 (2010). First, and at issue here, is the "notice stage," during which courts determine based on pleadings and

affidavits whether the class should be certified on a conditional basis. *Wynn*, 234 F. Supp. 2d at 1082.

Conditional certification at this first stage requires a plaintiff to make "substantial allegations that the putative class members [are] subject to a single illegal policy, plan, or decision." *Leuthold*, 224 F.R.D. at 468. Because of the minimal evidence available to the Court at the pleading stage, the initial determination to certify is "based on a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Wynn*, 234 F. Supp. 2d at 1082. The evidence must only show that there is some "factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice." *Colson*, 687 F. Supp. 2d at 926. While Plaintiff's burden is light, conditional certification at this first stage is not automatic. *Id.* at 925.

At the second stage, after discovery and typically precipitated by a motion for decertification by the defendant, the court makes a more informed decision as to whether the claimants who have consented to sue are indeed "similarly situated." *Wynn*, 234 F. Supp. 2d at 1082. Here, because the Court is faced with determining only the first stage of conditional certification, a more detailed analysis of whether Plaintiff and proposed claimants are in fact similarly situated would be premature at this stage.

## II.   ANALYSIS

To determine whether a potential class should be certified at the first stage, the Court reviews the allegations in the pleadings and affidavits or declarations filed in support of the Motion. *Leuthold*, 224 F.R.D. at 467; *Colson*, 687 F. Supp. 2d at 928.

In the relevant allegations of the Complaint, Plaintiff alleges that the "ASOs provide services during the return flight home, including cleaning up the aircraft, collecting and inventorying supplies, filling out paperwork and generally preparing for the next mission." (Compl. ¶ 10.) "Regardless of whether an ASO takes a lunch break [during the return flight], and regardless of how long any actual lunch break is, the ASO is automatically deducted one hour of compensation." (Compl. ¶ 11.) Plaintiff alleges that

*he* "does not actually take a 'lunch break' and any meal is eaten while performing services for the company." (Compl. ¶ 14.) Plaintiff then states that numerous similarly situated employees "lose the same one-hour of pay pursuant to Akal's lunch break policy." (Compl. ¶ 16.) Plaintiff also describes activities that ASOs are precluded from doing during their lunch breaks due to being confined on an airplane. (Compl. ¶ 17.) Plaintiff concludes, therefore, that the "ASOs are not given bone fide meal breaks within the meaning of the FLSA." (Compl. ¶ 18.)

In support of the Motion to Certify, Plaintiff submitted one piece of evidence: his own declaration. (Doc. 44-1, Declaration of Ed Alonzo ("Alonzo Decl.").) This declaration consists of eight paragraphs that essentially reiterate the factual allegations of the Complaint. Specifically, Plaintiff avers that: he is employed as an ASO for Akal (Alonzo Decl. ¶ 1); as an ASO, he secures and transports deportees (Alonzo Decl. ¶¶ 2–3); thirteen ASOs are present on each flight (Alonzo Decl. ¶ 4); all of the ASOs have identical job descriptions and duties and are responsible for complete control over the detainees throughout the flights (Alonzo Decl. ¶¶ 5–6); Akal deducts one hour from pay on return flights that are longer than ninety minutes (Alonzo Decl. ¶ 7); he is paid $20.56 per hour[2] (Alonzo Decl. ¶ 8).

Under even the lenient standards of the notice stage, Plaintiff's allegations and sole declaration are insufficient to show a putative class of similarly situated individuals. The Complaint itself provides little to no factual allegations in support of the assertion that the ASOs are similarly situated to Plaintiff. The only other evidence—the eight paragraphs of Plaintiff's declaration—amounts to a sworn description of Plaintiff's job duties and pay and does not even mention any other individual.

This Court has rejected such a "bare-bones" evidentiary showing indicating that a plaintiff has "apparently rest[ed] on the relatively light burden that FLSA [plaintiffs] generally carry during the first stage of the certification process." *Colson*, 687 F. Supp.

---

[2] The Court points out that the Complaint lists Plaintiff's hourly wage as $25.58, and the declaration lists it as $20.56.

4

2d at 927; *see also Litty v. Merrill Lynch & Co., Inc*., No. CV 14-0425 PA (PJWx), 2014 WL 5904907, at *8–9 (C.D. Cal. Aug. 4, 2014) (denying certification based on plaintiff's one declaration, job descriptions, and company brochures). In *Colson*, the plaintiff moved to certify a collective class of sales representatives who, she alleged, had been mischaracterized as exempt employees under the FLSA. 387 F. Supp. 2d at 917. This exemption resulted in denial of overtime wages for their work in excess of forty hours per week. *Id.* In support of her motion, the plaintiff submitted declarations from her attorney, a former sales employee at the defendant company, and herself. *Id.* at 928. Eliminating the first two declarations as having almost no evidentiary value, the court focused on the plaintiff's own declaration. "While [the plaintiff's] declaration has some value in describing her own experience, it has no probative value in establishing that she and other [sales representatives] were [similarly situated]." *Id.* at 928–29.

On the other hand, this Court and other district courts in the Ninth Circuit regularly grant conditional certification upon a more robust evidentiary showing. *See, e.g.*, *Godhigh v. Savers, LLC*, No. 16-cv-02874-WHO, 2016 WL 7406659, at *2, *5 (N.D. Cal. Dec. 22, 2016) (conditionally certifying a class based on six declarations of putative class members); *Villareal v. Caremark LLC*, 66 F. Supp. 3d 1184, 1192 (D. Ariz. Dec. 17, 2014) (granting certification based on the plaintiff's declaration, declarations of three other current employees, and declarations of two former employees); *Czubara v. Hamilton Mortg. Co.*, No. CV-05-3438-PHX, 2006 WL 5526617, at *2–3 (D. Ariz. June 5, 2006) (certifying a proposed class after the plaintiff submitted nine affidavits of other employees); *Leuthold*, 224 F.R.D. at 462–63 (certifying a proposed class based on fact-rich affidavits from the three lead plaintiffs).

Notwithstanding the fact that Plaintiff's declaration does not even state that he works through his lunch breaks—only the Complaint does—Plaintiff's declaration is similar to that of the plaintiff in *Colson*. Namely, Plaintiff has described his own experience but has provided no evidence to show that others are similarly situated to him. Unlike the above cases in which courts granted certification, Plaintiff has done nothing to

1   demonstrate a factual nexus that could bind putative class members. For this reason, the

2   Court must deny Plaintiff's Motion to Certify.

3        The Court also notes that, even if Plaintiff did establish a class of similarly

4   situated individuals, Plaintiff has not sufficiently alleged that the class is subject to an

5   *illegal* plan or policy. In the Complaint, Plaintiff asserts that ASOs perform tasks on the

6   flight home. (Compl. ¶ 10.) Separately and distinctly, Plaintiff asserts that all ASOs are

7   subjected to Akal's automatic one-hour lunch deduction policy on the flight home.

8   (Compl. ¶ 11.) Nowhere in the pleadings or the declaration does Plaintiff allege that the

9   other ASOs work *during* their lunch breaks. An automatic meal deduction is not *per se*

10  illegal under the FLSA. *See Harp v. Starline Tours of Hollywood, Inc.*, No. 2:14-cv-

11  07704, 2015 WL 4589736, at *6 (C.D. Cal. July 27, 2015); *Gessele v. Jack in the Box,*

12  *Inc.*, No. 3:10-cv-960-ST, 2013 WL 1326563, at *23 (D. Or. Jan. 28, 2013).[3]

13       Plaintiff also seems to equate a bona fide meal break with the ability to make

14  phone calls, stream internet, run errands, and so on. However, FLSA regulations and

15  district courts in the Ninth Circuit define a bona fide meal break as one during which the

16  employee is "completely relieved from duty." 29 C.F.R. § 785.19(a); *see Harp*, 2015 WL

17  4589736, at *6. Although it may be difficult to fully enjoy the lunch break due to the

18  conditions of the airplane, the ASOs' inability to enjoy entertainment or run errands is

19  not in itself a violation of the bona fide meal break regulations.

20       In sum, Plaintiff has failed to show that other ASOs are similarly situated and

21  subject to an illegal policy of working without compensation during their meal breaks.

22

23

24       [3] In his Reply, Plaintiff attached Defendant's company policies, with the meal-
    deduction policy highlighted. (Doc. 48-2.) As the Ninth Circuit has consistently held,
25  evidence submitted for the first time in a reply brief may be stricken. *See Provenz v.*
    *Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271,
26  1273 n.3 (9th Cir. 1993). Plaintiff is advised to raise all substantive arguments and
    present evidence in the moving papers. Otherwise, the Court must provide Defendant an
27  opportunity to respond in a sur-reply brief. Regardless of whether the new evidence is
    stricken or not, as the Court explained above, an unpaid meal break policy is not illegal
28  on its face.

1    The Court cannot assume this simply because Plaintiff alleges he sometimes works

2    through his.

3         **IT IS THEREFORE ORDERED** denying Plaintiff's Motion to Certify a

4    Conditional Class (Doc. 44).

5        Dated this 21st day of November, 2017.

6

7

8    Honorable John J. Tuchi
    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28