**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ed E. Alonzo,<br><br>              Plaintiff,<br><br>v.<br><br>Akal Security Incorporated,<br><br>              Defendant. | No. CV-17-00836-PHX-JJT<br><br>**ORDER** |

At issue is Defendant Akal Security, Inc.'s Motion for Summary Judgment (Doc. 68, Mot.) supported by Defendant's Statement of Facts (Doc. 69, DSOF), to which Plaintiff Ed E. Alonzo filed a Response (Doc. 75, Resp.) and responsive Statement of Facts (Doc. 76, PSOF) and Defendant filed a Reply (Doc. 83, Reply)[1]. For the reasons that follow, the Court will grant Defendant's Motion.

**I.  BACKGROUND**

Defendant is a federal government contractor, and Plaintiff worked for Defendant as an Aviation Security Officer ("ASO"). (DSOF ¶ 2.) ASOs are responsible for the supervision of persons being expelled from the United States, or "deportees," during both domestic travel between holding facilities and international travel to the deportees' home countries. (DSOF ¶ 1.) Once the deportees are transported abroad, ASOs travel on a return flight to the United States. (PSOF ¶ 3.)

---

[1] Defendant also filed a Reply Statement of Facts (Doc. 84), which the Local Rules prohibit, LRCiv 56.1(b), and the Court thus did not consider.

Defendant maintained a written Timekeeping Policy for ASOs, and Plaintiff testified that he read and understood the Timekeeping Policy. (DSOF ¶¶ 6, 8.) In pertinent part, the Policy provided for a one-hour unpaid meal period during certain return flights when no deportees were present, with a few exceptions not relevant here. (DSOF ¶ 6.) Plaintiff signed an Employee Offer Letter with Defendant that similarly set forth a one-hour unpaid meal period policy. (DSOF ¶¶ 9–10.) Moreover, Defendant and the International Union, Security, Police and Fire Professionals of America entered into a Collective Bargaining Agreement that included a comparable unpaid meal period policy. (DSOF ¶¶ 14–16.) Plaintiff was a party to that Collective Bargaining Agreement as a member and officer of the Union. (DSOF ¶ 13.)

Defendant's Timekeeping Policy instructed ASOs to completely disengage from all work duties during the meal period. (DSOF ¶¶ 6–7.) Defendant required ASOs to record time worked during meal periods if special circumstances necessitated that an ASO perform work during these periods. (DSOF ¶¶ 6–7.) The Policy further mandated that the ASO notify his/her supervisor if such a situation arose. (DSOF ¶ 7.) Plaintiff testified that he never recorded any time worked during a meal period. (DSOF ¶ 22.) However, at least in the Complaint, Plaintiff alleged that an "ASO may not take any lunch break" and Defendant deducted one hour of compensation from his/her pay anyway. (Doc. 1, Compl. ¶ 11.)

Plaintiff brought this case as a hybrid class action, (Compl.; Doc. 44), and the Court denied Plaintiff's Motion to Certify a Conditional Class because Plaintiff failed to show that other ASOs alleged that they worked without compensation during their meal breaks. (Doc. 51.) Additionally, the Court dismissed two counts of Plaintiff's Complaint for failure to state a claim. (Doc. 27.) In the remaining count—Count II—Plaintiff alleges that Defendant's automatic one-hour pay deduction for meal periods, deducted regardless of whether Plaintiff took a meal period or worked through the hour, violated the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Compl. ¶¶ 14, 36–39.) Defendant now moves for summary judgment on the remaining claim.

## II. LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256–57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

"A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

## III. ANALYSIS

Defendant moves for summary judgment on Plaintiff's claim for unpaid overtime wages accrued during one-hour meal periods. In support, Defendant argues that the

evidence undisputedly demonstrates that Plaintiff received *bona fide* meal breaks of at least one hour on the designated flights and that, under the parties' agreements, Plaintiff's meal period was non-compensable. Defendant thus contends that Plaintiff cannot meet his burden to show that the meal periods are compensable. Defendant also maintains that, if Defendant is liable for an FLSA violation, Plaintiff is not entitled to liquidated damages because Defendant relied in good faith on the advice of counsel.

In response, Plaintiff argues that a genuine dispute of fact exists as to whether he worked during the unpaid meal period on the designated flights, precluding summary judgment. As such, the Court must determine if Plaintiff has raised a genuine dispute regarding whether he received one-hour *bona fide* meal periods or whether he performed work for which he was not compensated under the FLSA.

The FLSA requires that employees be compensated for all hours worked. The term "hours worked" includes:

> (a) All time during which an employee is required to be on duty or to be on the employer's premises or at a prescribed workplace and (b) all time during which an employee is suffered or permitted to work whether or not he is required to do so. Thus, working time is not limited to the hours spent in active productive labor, but includes time given by the employee to the employer even though part of the time may be spent in idleness.

29 CFR § 778.223. Work performed during travel time is included in the calculation of "hours worked," except during *bona fide* meal periods. *Id.* § 785.41. "*Bona fide* meal periods are not worktime." *Id.* § 785.19. To qualify as a *bona fide* meal period, "[t]he employee must be completely relieved from duty for the purposes of eating regular meals." *Id.* But "[i]t is not necessary that an employee be permitted to leave the premises if he is otherwise completely freed from duties during the meal period." *Id.*

In *Brennan v. Elmer's Disposal Serv., Inc.*, 510 F.2d 84, 88 (9th Cir. 1975), the Ninth Circuit Court of Appeals held that employees must be paid during meal periods when they engage in work related duties. In a later case, the Ninth Circuit noted, "Some circuits have declined to defer to 29 CFR § 785.19's 'completely relieved from duty' language or

interpreted it to mean that an employee is entitled to compensation for a meal period only if he or she 'predominately benefits' from the meal period." *Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525, 531 n.4 (9th Cir. 2013) (citations omitted), *reversed on other grounds*, 135 S. Ct. 513 (2013). Here, as in *Busk*, "the distinction between the 'completely relieved from duty' and 'predominant benefit' standards does not matter for this case," *id.*, because Plaintiff proffers no evidence he actually worked during a meal period.

It is the employee's "burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946). When an "employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes," the employee should not be penalized "by denying him any recovery [because] he is unable to prove the precise extent of uncompensated work." *Id.* In such a situation, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of a just and reasonable inference." *Id.*

Plaintiff does not dispute that he was aware of the Timekeeping Policy, including that he was not compensated for one-hour meal periods, and that the time sheets for the relevant flights recorded a one-hour meal period; the fact that the time sheets did not specify the exact time of the meal period during a particular flight is of no moment to the question of compensability. *See Harp v. Starline Tours of Hollywood, Inc.*, 2015 WL 4589736, at *6 (C.D. Cal. July 27, 2015) (collecting cases). Plaintiff thus has raised no genuine dispute that Defendant properly recorded the number of unpaid meal period hours.

The Court has reviewed all the evidence Plaintiff points to in his Response to Defendant's Motion, and although the evidence addresses Defendant's procedures regarding meal periods—and includes many conclusory statements—the Court saw no evidence that Plaintiff actually worked during the unpaid meal periods. (*E.g.*, Resp. at 2 (citing PSOF ¶ 95 ("The ASOs 'are held captive on the plane.'")); Resp. at 5 (citing PSOF ¶ 66 ("ASOs have duties upon their return to Phoenix."), ¶ 74 ("[Plaintiff] was required to

travel for [Defendant] on the return flight."), ¶ 76 ("[Plaintiff] could not leave the aircraft, run personal errands on the return flight, make cell phone calls, surf the internet, send a text message, smoke, drink alcohol, stream TV or movies . . . ."), ¶ 77 ("[Plaintiff] was required to return on the flight back to Phoenix, regardless of no detainees being on board."), ¶ 78 ("[Plaintiff] could not visit his home, the bank, the pharmacy, the barbershop or even make a doctor's appointment on the return flight.")).) That is, Plaintiff points to no evidence that, during the relevant flights he worked, he either did not predominantly benefit from a one-hour meal period or was not completely relieved from duty during a one-hour meal period.

Indeed, at his deposition—the transcript of which the Court read in its entirety—in response to counsel for Defendant's question, "Did you perform any work during an unpaid break during your time at [Defendant]?", Plaintiff responded, "No." (Doc. 69-2, Alonzo Dep. at 42.) Counsel for Defendant then asked whether Plaintiff ever had "a special circumstance wherein you were required to perform work during an unpaid meal period," and Plaintiff responded, "Yes." (Alonzo Dep. at 42.) When asked repeatedly to elaborate about details or amounts of time, Plaintiff responded "I don't recall" or "I don't know." (*E.g.* Alonzo Dep. at 45-46.) But when counsel for Defendant asked, "Can you think of any [empty return leg] flight during which you did not have at least one hour of free time?", Plaintiff responded, "No." (Alonzo Dep. at 90.) Plaintiff also testified that he never reported to Defendant that he worked during an unpaid meal period. (Alonzo Dep. at 43.) Plaintiff's denial of performing work during an unpaid meal period, lack of written records, and lack of knowledge or recollection as to encountering special circumstances in which he worked during a meal period is not evidence from which a reasonable jury could conclude that Plaintiff was required to work during an unpaid meal period.

Under the FLSA, *bona fide* meal periods are permissible, and an employer need not permit employees to leave the premises during meal periods so long as they are freed from their duties. 29 CFR § 785.19. To resist summary judgment, Plaintiff has the burden to proffer at least some evidence that creates a genuine dispute of material fact—here, as to

whether Defendant did not compensate him for time he actually worked. *See Anderson*, 477 U.S. at 256–57. In his Response to Defendant's Motion, Plaintiff has pointed to irrelevant facts and, at most, generalized, conclusory allegations, but Plaintiff has not met his burden of proffering evidence that he actually engaged in work related duties *during* an unpaid lunch period or that he did not get at least one hour of free time on the relevant flights—indeed, his deposition testimony is precisely the opposite.[2]

Because Plaintiff has not raised a genuine dispute as to whether Defendant is liable to Plaintiff for an FLSA violation, the Court need not reach Defendant's Motion as to liquidated damages.

**IT IS THEREFORE ORDERED** granting Defendant's Motion for Summary Judgment (Doc. 68).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment for Defendant and close this case.

Dated this 12th day of March, 2019.

Honorable John J. Tuchi
United States District Judge

---

[2] Plaintiff asks the Court to consider a case that another plaintiff brought against Defendant in another District, which case has gone to trial. The Court has not reviewed the facts of that case but presumes that the plaintiff in that case proffered sufficient evidence to create a genuine dispute as to whether he or she was required to work during unpaid meal periods, which Plaintiff here has not done.